IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TONY RODRIGUEZ JR. | § | |
| | § | |
| V. | § | A-11-CA-691-LY |
| | § | |
| RICK THALER, Director, Texas Dept. of | § | |
| Criminal Justice-Correctional | § | |
| Institutions Division | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1), Respondent's Answer (Document 9); and Petitioner's Objections and Request for Evidentiary Hearing (Document 10). Petitioner, proceeding pro se, has paid the filing fee for his application. For the reasons set forth below, the undersigned finds that Petitioner's request for evidentiary hearing and application for writ of habeas corpus should be denied.

**STATEMENT OF THE CASE**

**A.   Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 331st Judicial District Court of Travis County, Texas, in cause number 75,577, styled <u>The State of Texas v. Tony Rodriguez, Jr.</u> On August 23, 1984, Petitioner

was charged by indictment with aggravated sexual assault enhanced with two prior felony offenses for an offense which occurred on July 17, 1984. A jury found Petitioner guilty and sentenced him to ninety-nine years in prison. Petitioner does not challenge his holding conviction. Rather, Petitioner challenges his entitlement to mandatory supervision. Petitioner raised this same challenge in a state application for habeas corpus relief he filed on January 10, 2011. On April 6, 2011, the Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court. Ex parte Rodriguez, Appl. No. 24,634-04 at cover.

**B.        Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. TDCJ-CID and the Texas Board of Pardons and Paroles (the "Board") denied him his right to equal protection by not releasing him to mandatory supervision;

2. TDCJ-CID and the Board have violated the constitutional prohibition against ex post facto laws; and

3. He was denied his right to due process when the trial court failed to hold an evidentiary hearing during the state habeas proceedings.

**C.        Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application. A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

**D.        Request for Evidentiary Hearing**

Petitioner requests the Court to hold an evidentiary hearing. As explained below, the Supreme Court recently clarified the narrow applicability of the hearing provision, rendering a hearing inappropriate in this case.

**DISCUSSION AND ANALYSIS**

A.     **The Antiterrorism and Effective Death Penalty Act of 1996**

The Supreme Court recently had the opportunity to summarize the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act. See Harrington v. Richter, – U.S. –, 131 S. Ct. 770, 783-85 (2011). The Court noted that the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Court noted that "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington, 131 S. Ct. at 784.

One of the issues Harrington resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." Id. Following all of the Courts of Appeals' decisions on this question, Harrington concluded that the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning." Id. (citations omitted). The Court noted that it had

3

previously concluded that "a state court need not cite nor even be aware of our cases under § 2254(d)." Id. (citing Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam)). When there is no explanation with a state court decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." Id. And even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due to that decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." Id.

As Harrington noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. Id. at 785 (citing 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412 (2000)). The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quotation and citation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

Id. at 740-41 (quotation and citation omitted). Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to

the facts of the prisoner's case." Id. at 741 (quotation and citation omitted). The provisions of § 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e). That section states that a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). But absent such a showing, the federal court must give deference to the state court's fact findings. Id.

**B.    Evidentiary Hearing**

Federal habeas review under 28 U.S.C. § 2254(d)(1) asks whether a state-court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." The Supreme Court has recently interpreted this "backward-looking language" to confine habeas review to the record before the state court. Cullen v. Pinholster, ––– U.S. –––, 131 S. Ct. 1388, 1398 (2011). Section 2254(e)(2) allows an evidentiary hearing in federal court only under narrow circumstances:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
>
> (A) the claim relies on–
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). As the Court explained in Pinholster, "[t]he focus of that section is . . . on limiting the discretion of federal district courts in holding hearings." 131 S. Ct. at 1401 n.8 (emphasis added). Section 2254(e)(2) is not, however, meaningless. It remains an important tool in cases where habeas petitioners raise a claim that was not "adjudicated on the merits in State court"— i.e., a claim to which § 2254(d) does not apply. Pinholster, 131 S. Ct. at 1401. The high bar for introducing evidence in a § 2254(d) case accords with "the basic structure of federal habeas jurisdiction," which acknowledges that "state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington, 131 S. Ct. at 787.

Because the present case, like Pinholster, concerns only claims under § 2254(d)(1), Petitioner is not entitled to a hearing. Therefore, the Court's review of Petitioner's application for habeas corpus relief considers only the state-court record.

**C.      Mandatory Supervision**

The law in effect at the time Petitioner committed his offense provided:

> A prisoner who is not on parole, except a person under sentence of death, shall be released to mandatory supervision by order of the Board when the calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced.

TEX. CODE CRIM. PROC. art. 42.12 § 15(c). As explained by Respondent, Petitioner is eligible for mandatory supervision. However, he has not earned enough credits in order to be released. As of September 21, 2011, Petitioner had served 27 years 1 month 27 days flat time and had earned 47 years 2 days good time for a total of 74 years, 1 month and 29 days. Respondent indicates

Petitioner's projected released date is June 27, 2020, when he expects Petitioner to have 99 years of credits.  See Respondent's Exhibit C.

The state habeas court reached this same conclusion.  Ex parte Rodriguez, Appl. No. 24,634-04 at 35.  Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.  Petitioner did not provide this Court or the state court with any evidence that he has not received proper time credits.

**D.     Infirmities in State Habeas Proceedings**

Petitioner complains the state habeas court denied him due process when it failed to hold an evidentiary hearing.  Petitioner's claim fails, as infirmities in state habeas corpus proceedings do not constitute grounds for federal habeas corpus relief.  Wheat v. Johnson, 238 F.3d 357, 361 (5th Cir. 2001); Vail v. Procunier, 747 F.2d 277 (5th Cir. 1984).

## RECOMMENDATION

It is recommended that Petitioner's request for evidentiary hearing and application for writ of habeas corpus be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of January, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE